**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADAMA CAMARA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-00704 |
| | ) | Judge Stephanie L. Haines |
| WARDEN, MOSHANNON VALLEY | ) | |
| PROCESSING CENTER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Adama Camara ("Petitioner") is an immigration detainee currently held at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), challenging his detention as unreasonably prolonged because his removal is not significantly likely in the foreseeable future, and alternatively, that the Government's third-country removal policy is unlawful. ECF No. 1. For the reasons that follow, the Petition will be **GRANTED IN PART**.

### I.    BACKGROUND

Petitioner is a native and citizen of Mauritania. ECF No. 1, ¶ 55 & p. 32. He entered the United States at Lukeville, Arizona on May 15, 2023. *Id.* at pp. 28, 32. Petitioner was not admitted or paroled into the United States but instead arrested by Border Patrol, issued form I-220A Order of Release on Recognizance, and released. *Id.* On September 29, 2025, Petitioner reported to Immigration and Customs Enforcement's ("ICE") Philadelphia field office for a scheduled report date and was detained. *Id.* at ¶ 56 & p. 26.

On December 9, 2025, an immigration judge ("IJ") ordered Petitioner removed from the

1

United States but withheld removal to Mauritania under the Convention Against Torture. *Id.* at ¶¶ 57, 58 & p. 39. Neither Petitioner nor the Government appealed this decision by the appeal deadline and it became administratively final on January 9, 2026. *Id.* at p. 42; ECF No. 5-1, p. 3.

On April 16, 2026, Petitioner filed this Petition, Respondents opposed, and the matter has been fully briefed and is ready for disposition. ECF Nos. 1, 5, 6.

## II.   DISCUSSION

Petitioner principally argues that his removal is not significantly likely to occur in the reasonably foreseeable future and that his continued detention therefore exceeds the period reasonably necessary to effectuate his removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1, ¶¶ 45-54, 59; ECF No. 6, p. 3. He further challenges the Government's third-country removal policy and relies on *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102 (D. Mass. 2026), to argue that the policy is unlawful and should be set aside.

Respondents counter that Petitioner failed to exhaust administrative remedies before filing the Petition. ECF No. 5, pp. 4-5. They further argue that Petitioner's prolonged detention challenge was premature because he had not yet been detained for six months when Respondents filed their opposition. *Id.* at pp. 6-7. Alternatively, Respondents argue that Petitioner failed to meet his burden under *Zadvydas* to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at p. 8. Respondents do not, however, describe any concrete steps taken to effectuate Petitioner's removal or otherwise provide evidence addressing the present likelihood of removal, such as the selection of any third country for removal or the identification of an anticipated removal date.

Finally, Respondents argue that the Court lacks jurisdiction to enjoin Petitioner's removal to a third country. They also contend that Petitioner's broader challenge to the Government's third-

country removal policy is improper because he is a member of the non-opt out *D.V.D.* certified class and may seek relief through that litigation. The Court addresses each claim in turn.

## A. Exhaustion of administrative remedies does not bar review.

Respondents first argue the Petition should be denied for failing to exhaust administrative remedies. Under relevant immigration law, exhaustion of administrative remedies is statutorily required only on appeals from final orders. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order only if the [noncitizen] has exhausted all administrative remedies available . . . ."). But Petitioner's prolonged detention claim does not seek judicial review of his removal order. Rather, it challenges the legality of his present detention under 8 U.S.C. § 1231. Thus, the statutory exhaustion requirement in Section 1252(d)(1) does not govern that claim.

Any exhaustion requirement applicable to Petitioner's detention claim is prudential rather than jurisdictional. Prudential exhaustion requires a court "to balance the [noncitizen's] interest in prompt access to the federal courts with the government's institutional interest in exhaustion." *United States v. Dohou*, 948 F.3d 621, 628 (3d Cir. 2020) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). Relevant considerations include whether requiring exhaustion would occasion undue prejudice or whether the agency can provide effective relief. *See McCarthy*, 503 U.S. at 146-48.

Here, Petitioner challenges an ongoing deprivation of liberty that has continued beyond the six-month period recognized in *Zadvydas*. Requiring him to pursue further administrative review before obtaining judicial consideration would prolong the very injury he alleges, while Respondents have not shown that further administrative proceedings would materially assist the Court in deciding whether removal is significantly likely in the reasonably foreseeable future. Under these circumstances, Petitioner's interest in prompt review outweighs the institutional

3

interests served by exhaustion. Accordingly, the Court will not require administrative exhaustion.

## A.  Jurisdiction over the Government's third-country removal policy.

Petitioner also challenges the Government's policy governing removal to third countries. He argues that ICE cannot lawfully remove him to a third country and relies on the District of Massachusetts's decision in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102 (D. Mass. 2026). The Court addressed a similar claim in *Odiase v. Oddo*, No. 3:25-206, 2025 WL 2673938 (W.D. Pa. Sept. 18, 2025). In *Odiase*, the petitioner had a final order of removal and withholding of removal to her country of citizenship, but ICE sought removal to a third country. *Id.* at *2. The Court held that a challenge to removal to a third country was "closely bound up with" the final order of removal and the execution of that order, and therefore jurisdiction was barred by 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g). *Id.* at *6.

Petitioner's reliance on *D.V.D.* does not alter that conclusion. That decision is not binding on this Court, and this Court has already concluded that third-country removal challenges of this kind are barred by Section 1252(a)(5), Section 1252(b)(9), and Section 1252(g). Because third-country removal challenges are encompassed within a petitioner's final order of removal, they must be pursued, if at all, through the review process prescribed by 8 U.S.C. § 1252, and not through this Court's habeas jurisdiction. *See Odiase*, 2025 WL 2673938; *see also* 8 C.F.R. §§ 1208.17(b)(2); 1208.16(f). Accordingly, the Court lacks jurisdiction over Petitioner's challenge to the Government's third-country removal policy and that claim will be dismissed without prejudice.

## B.  Petitioner's continued detention under Section 1231.

Under federal law, when a removal order becomes final, ICE has 90 days in which to remove a noncitizen from the United States and must detain the noncitizen during this period. *See* 8 U.S.C. §§ 1231(a)(1), (a)(2)(A). After this period expires, however, continued detention is

4

authorized only for so long as "removal is . . . reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. Because "[i]ndefinite, [or] permanent, detention" would raise serious constitutional concerns, *Zadvydas* construed detention beyond the 90-day period as authorized only for so long as reasonably necessary to accomplish removal, and recognized six months as a presumptively reasonable period. *Id.* at 700-701. "This 6-month presumption, of course, does not mean that every [noncitizen] not removed must be released after six months." *Id.* at 701. To obtain release, the noncitizen bears the initial burden to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* If they make that showing, "the Government must respond with evidence sufficient to rebut that showing." *Id.* And as the period of post-removal detention grows, what counts as the "'reasonably foreseeable future' conversely . . . shrink[s]." *Id.*

At the time he filed his Petition, Petitioner had been detained for three months following his removal order becoming administratively final. In their response to the Petition, Respondents argued that Petitioner's claim was premature under *Zadvydas* as his detention was within the presumptively reasonable six-month period. At the time of this writing, however, Petitioner has now been detained for over six months—outside the presumptively reasonable period. Thus, although Respondents' prematurity argument addressed the status of Petitioner's detention when their response was filed, it does not address whether removal is significantly likely in the reasonably foreseeable future now.

Here, Petitioner represents, and Respondents do not dispute, that no third country has yet been selected for removal, which is a necessary first step before ICE may begin to obtain the necessary travel authorization or documents, have Petitioner undergo a consular interview, or schedule a removal flight. Given the passage of more than six months without a documented

selection of any third country for removal, the Court finds that Petitioner has provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. The question then becomes whether Respondents have come forward with sufficient evidence to "rebut that showing." *Id.* The only evidence Respondents produced, however, is ICE's notice stating it is "actively working to effectuate [Petitioner's] removal to a safe third country . . . ." ECF No. 5-3, p. 2. In the period since Respondents filed their response, they have not supplemented the record or otherwise advised the Court of any material progress toward effectuating Petitioner's removal. Respondents have not shown that any third country has been selected, nor have they identified an anticipated removal date or asserted that Petitioner has failed to cooperate with removal efforts.

The Court finds this insufficient to rebut Petitioner's showing because "[a] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Pan*, 2025 WL 3960013, at *4 (quoting *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *4 (E.D. Tex. Aug. 2, 2025)). Accordingly, the Court finds that Petitioner's continued detention is therefore no longer authorized under Section 1231, as construed in *Zadvydas*.

## III.    CONCLUSION

For the reasons set forth herein, the Petition will be **GRANTED IN PART**. An appropriate Order follows.

### ORDER

**AND NOW**, this 23rd day of July, 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART** to the extent it seeks Petitioner's release from ICE detention.

2. Petitioner's challenge to the Government's third-country removal policy is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3. Respondents shall immediately release Petitioner from ICE detention.

4. Nothing in this Order prevents Respondents from imposing lawful conditions of supervision consistent with the Immigration and Nationality Act and applicable regulations.

5. Respondents shall file a notice certifying compliance with this Order within seven days.

6. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge